# JASNE & FLORIO, L.L.P.

*Attorneys & Counselors at Law*
30 Glenn Street - Suite 103
White Plains, New York 10603
Tel: (914) 997-1212
Fax: (914) 682-8692
E-mail: jf@jasneflorio.com
Service by Electronic Means of Any Document
Without Written Authorization Is Not Accepted

Hugh G. Jasne, NY
Daniel F. Florio, Jr., NY & CT

**MEMO ENDORSED**

January 30, 2020

Honorable Kenneth M. Karas
United States District Court, SDNY           Via PACER
300 Quarropas Street, Chambers 533
White Plains, New York 10601

**Re:** *Arch Specialty Insurance Company v. TDL Restoration, Inc.*,
**18-cv-06712-KMK-PED**

Dear Honorable Judge Karas:

As Your Honor's records should reflect this office represents the Defendant in this matter. Please accept this letter in Opposition to the letter motion of the Plaintiff submitted in accord with the schedule of the Court and under PACER Docs. #46 and #47.

As Your Honor might assume, the Defendants disagree with the assessment of the Plaintiff, for the reasons hereinbelow.

Initially, the law on Summary Judgment is well settled and is briefly stated herein for completeness, in that while the law as to Summary Judgment is not at issue herein, the role of the Rosenzweig agency is at issue and certainly not nearly as clear-cut given these circumstances.

It is certainly understood that the initial premium was an estimate, but what is not so clear is the reasoning behind an increase in the premium of an additional $171,339 bringing the total premium to $219,088 from an initial estimate of $47,749. This increase begs the question of how and why was the original estimate calculated, and what role, if any did the agent play in this increase, and the basis and legal liability therefor.

To the credit of Arch, it has been agreed that they will "walk the Defendant" through their audit, to assist the Defendant in understanding how they reach a claim that quite frankly the undersigned nor the Defendant can replicate even from the audit which has been provided, however at present the Defendant contests the "audit findings" of the Plaintiff.

Before proceeding however, it must be pointed out that notwithstanding the fact that claim of the validity of the payment of the $171, 339 is contested, the records of TDL **seem** to indicate there was additional premiums paid. Unfortunately the records are not clear at all. Annexed hereto is a schedule showing what is believed to be additional payments totaling $80,518.42 and also a transaction record from TDL showing the payment of the additional premium and the fees and charges of the complaint paragraph 14 of 3.6% and 0.2% and while the math is not exact in that 3.8% of $171,339 is $6,510.82 the records in the Transaction record show $6,476.61 plus the $171,339, it appears that the numbers correspond.

Case 7:18-cv-06712-KMK-PED   Document 48   Filed 01/30/20   Page 2 of 5

Arch Specialty Insurance Company v. TDL Restoration, Inc., 18-cv-06712-KMK-PED
Letter in Opposition to Summary Judgment by Defendant TDL - January 30, 2020
Page -2

Thus, to be clear, there are two additional exhibits which are still being reviewed:

First a list of payments totaling $80,518.42, which payment appears to have been partially credited at best and

Second, a Transaction record, however the problem of course is that the Transaction record is admittedly **not** proof of payment, though efforts to validate that payment(s) are ongoing.

As to the broker, assuming *arguendo* the additional premium is or was actually and properly due under the policy, the question becomes why was this policy selected using this broker, in that upon information and belief the Defendant understood and admits that an additional premium would have been incurred, but not to that amount of a sum which is over 3 times the initial premium as originally paid.

LAW:

Summary Judgment: As the law is well established as to Summary Judgment is well settled and will not be belabored, but briefly requires that "'the proponent . . . make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'". *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448, 68 N.E.3d 683, 688, 45 N.Y.S.3d 864, 869, 2016 N.Y. LEXIS 3808, *8-9, 2016 NY Slip Op 08481, 5 (internal citations omitted).

Agency: As previously raised by the Defendant there is a question of whether the policy as selected was proper for the required insurance. Defendant TDL (hereinafter "TDL").

> The Restatement (Second) of Agency also supports the proposition that HN6 a broker who is not a general agent of an insurance....company may still be a special agent for the purpose of processing requests for policy loans and dividend withdrawals. "A special agent is an agent authorized to conduct a single transaction or a series of transactions not involving continuity of service" (Restatement [Second] of Agency § 3 [2]). In addition, a principal and agent need not enter into a formal contract in order to create an agency relationship (id., § 26, comment... a). Moreover, even if an insurance broker is an agent for the policyholder, the broker could also act as the insurer's agent so long as the dual agency does not involve any conflict of interest (see, id., § 313, caveat; § 392).

> These general agency principles have been applied specifically to insurance brokers by the courts of Pennsylvania, where Rutberg requested and cashed the checks. " 'A HN7 broker may be found to have acted on behalf of the insurer ... so as to be deemed the agent of the insurer and not the insured' " so long as there is " 'some evidence of an authorization, or some fact from which a fair inference of an authorization by the company might be deduced to make an insurance broker the agent of the company' " (Taylor v Crowe, 444 Pa 471, 475, 282 A2d 682, 683-684, quoting Couch, Insurance § 25.95 [2d ed]; see, Couch, Insurance § 45:5, at 45-17 [3d ed]; Selected Risks Ins. Co. v Schwabenbauer, 540 F Supp 22, 24-25 [ED Pa]). For example, even in the absence of a contract provision, where an insurer has authorized an insurance ...broker to collect premiums, the broker acts as the agent of the

Case 7:18-cv-06712-KMK-PED   Document 48   Filed 01/30/20   Page 3 of 5

Arch Specialty Insurance Company v. TDL Restoration, Inc., 18-cv-06712-KMK-PED
Letter in Opposition to Summary Judgment by Defendant TDL - January 30, 2020
Page -3

insurer in doing so, and payment of a premium to the broker binds the insurance company as if it had been paid directly to the company (see, Transcontinental Oil Co. v Atlas Assur. Co., 278 Pa 558, 563-564, 123 A 497, 499; Joyner v Harleysville Ins. Co., 393 Pa Super 386, 393-394, 574 A2d 664, 668). Likewise, where, as here, an insurance broker, entrusted by an insurer to deliver its checks to the policyholders, forges the payees' indorsements and cashes the checks, the forger is "in a position comparable to that of a trusted agent or employee, whose similar activities would ... preclude[] his principal from asserting the forgeries, under § 3-405 (1) (c)" (Thompson Maple Prods. v Citizens Natl. Bank, 211 Pa Super 42, 50, n 5, 234 A2d 32, 36, n 5).

*Guardian Life Ins. Co. of Am. v. Chemical Bank*, 94 N.Y.2d 418, 422-423, 727 N.E.2d 111, 115, 705 N.Y.S.2d 553, 557, 2000 N.Y. LEXIS 79, *9-11, 40 U.C.C. Rep. Serv. 2d (Callaghan) 923 (New York Court of Appeals (2000)).

CONCLUSION:

The following facts are disputed, in that while it is not disputed that Arch issued an insurance policy:

It is disputed as to whether the audit resulting in the increase of $171,339 was properly calculated, noting that TDL cannot replicate the results thereof, but Arch as agreed to try and assist TDL in this understanding. In furtherance thereof, the undersigned is also working with an accountant in furtherance of trying to understand the accuracy of Plaintiff's claims.

Assuming that under the policy, the demanded premium of $219,088 ($171,339 + $47,749) was actually due and owed, did the broker obtain this policy in good faith and in conformity to the law on behalf of TDL, and was the broker an agent for Arch or TDL.

Finally, and perhaps the biggest and most critical issue: Do the transaction records demonstrate that the payments were made, properly so or otherwise, noting that efforts are ongoing to buttress the records set forth therein.

Based upon the above, it is respectfully submitted there is no basis for Summary Judgment in this matter.

Thanking Your Honor for your time and consideration.

Jasne & Florio, L.L.P.

Hugh G. Jasne, Esq.

AN ADDENDUM OF PAYMENTS FOLLOWS
(As this is an exhibit it is requested to be excluded from the page count of this letter)

*[Handwritten note: The Court will hold a pre-motion conference on 3/9/20, at 3:00 So Ordered. 2/4/20]*

Arch Specialty Insurance Company v. TDL Restoration, Inc., 18-cv-06712-KMK-PED
Letter in Opposition to Summary Judgment by Defendant TDL - January 30, 2020
Page -4

| | **ADDENDUM OF PAYMENTS** | |
|---|---|---|
| | Dated | Amount |
| | January 19, 2016 | $6,550.00 |
| Check #2553 | March 28, 2016 | $15,000.00 |
| | April 15, 2016 | $6,500.00 |
| | April 19, 2016 | $6,550.00 |
| Citibank A/C # 3546 wire | April 20, 2016 | $5,650.04 |
| Citibank A/C # 3546 wire | April 20, 2016 | $5,932.24 |
| | June 8, 2016 | $5,932.54 |
| Citibank A/C # 3546 wire | June 16, 2016 | $5,650.04 |
| Citibank A/C # 3546 wire | July 15, 2016 | $5,650.04 |
| Citibank A/C # 3546 wire | August 8, 2016 | $5,650.04 |
| | September 28, 2016 | $5,650.04 |
| | October 28, 2016 | $5,650.04 |
| | November 25, 2016 | $5,650.04 |
| | December 8, 2016 | $527.20 |
| Citibank A/C # 3546 wire | December 22, 2016 | $526.16 |
| | December 28, 2016 | $5,650.04 |
| | | $80,518.42 |

